# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO



UNITED STATES OF AMERICA,

V.

**CR 19 0034**

RAMESH KRIS NATHAN,



DEFENDANT(S).

## INDICTMENT

18 U.S.C. § 1343 - Wire Fraud
18 U.S.C. § 1957 - Money Laundering
18 U.S.C. § 1028A - Aggravated Identity Theft
18 U.S.C. §§ 981, 982 & 28 U.S.C. § 2461 - Criminal Forfeiture

---

A true bill.

_____
                                    Foreman

Filed in open court this __17th__ day of
__Jan, 2019__.

Stephen Ybarra

_____ Clerk

Bail, $ _____

1-MJT

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

---- OFFENSE CHARGED ----

COUNTS 1-6: 18 U.S.C. § 1343 - Wire Fraud
COUNTS 7-8: 18 U.S.C. § 1957 - Money Laundering
COUNT 9: 18 U.S.C. § 1028A - Aggravated Identity Theft

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See attached

*SEALED BY COURT ORDER*

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
JAN 17 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

---- DEFENDANT - U.S ----
▶ Ramesh Kris Nathan

DISTRICT COURT NUMBER
CR 19 0034  CRB

---- PROCEEDING ----

Name of Complaintant Agency, or Person (& Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed
which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form   DAVID ANDERSON
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   SAUSA Christopher Vieira

---- DEFENDANT ----

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction      ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer   ☐ Yes    If "Yes" give date
been filed?    ☐ No     filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶ Month/Day/Year _____
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT    Bail Amount: no bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

Comments:

COUNTS 1-6: 20 years imprisonment, $250,000 fine, 3 years of supervised release, $100 mandatory special assessment

COUNTS 7-8: 10 years imprisonment, $250,000 fine, 3 years of supervised release, $100 mandatory special assessment

COUNT 9: Mandatory 2 years' imprisonment consecutive to any other sentence; $250,000 fine, 1 year of supervised release, $100 mandatory special assessment

DAVID L. ANDERSON (CABN 149604)
United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 19 - 0034 |
| Plaintiff, | VIOLATIONS: |
| v. | 18 U.S.C. § 1343 – Wire Fraud<br>18 U.S.C. § 1957 – Money Laundering |
| RAMESH KRIS NATHAN, | 18 U.S.C. § 1028A – Aggravated Identity Theft<br>18 U.S.C. §§ 981, 982 & 28 U.S.C. § 2461 – Criminal Forfeiture |
| Defendant. | UNDER SEAL |

## INDICTMENT

The Grand Jury charges:

### Introductory Allegations

1. The defendant, Ramesh Kris Nathan ("NATHAN"), owned and operated a company called Relativity Research Fund, Inc. ("Relativity"). NATHAN incorporated Relativity in June 2016.

2. Relativity was a corporation organized under the laws of the State of Nevada. Relativity maintained an office space at 101 California Street, San Francisco, California.

3. Relativity maintained a bank account ending in 3293 at Bank of America in San Francisco, California.

4. Relativity maintained a bank account ending in 6208 at Bank of America in San

INDICTMENT                                               1

Francisco, California.

5. NATHAN maintained a personal bank account ending in 3137 at Bank of America.

### The Scheme to Defraud Relativity's Investors

COUNTS ONE THROUGH SIX: 18 U.S.C. § 1343 – Wire Fraud

6. Paragraphs 1 through 5 are re-alleged and incorporated as if fully set forth herein.

7. On or about the dates set forth in paragraph 11 below, in the Northern District of California, and elsewhere, the defendant,

RAMESH KRIS NATHAN,

for the purpose of executing the material scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and pictures, that is electronic funds transfers and payments as further set out below, each in violation of Title 18, United States Code, Section 1343.

### Manner and Means of the Scheme to Defraud Relativity's Investors

8. From a time unknown but beginning no later than January 2016 through August 2017, NATHAN knowingly participated in, devised, and intended to devise a scheme to defraud Relativity investors, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

9. In January 2016, NATHAN registered the domain name "relativityresearch.co" to Hidden Light Society LLC, a company that he controlled.

10. On June 23, 2016, NATHAN incorporated Relativity Research Fund, Inc. with the Nevada Secretary of State. NATHAN listed himself as the company's secretary and treasurer, and a person known to the Grand Jury, and referred to herein as Investor 1, as the company's president.

11. In July 2016, NATHAN rented office space for Relativity in San Francisco, California. Relativity's bank statements were addressed to the San Francisco office, some Relativity investors mailed checks to the San Francisco office, and Relativity's website listed the San Francisco office as one of Relativity's business locations.

12. In approximately June 2016, NATHAN recruited Investor 1 to work for Relativity and to

INDICTMENT                                    2

recruit investors. NATHAN also asked Investor 1 to invest in Relativity. In exchange for recruiting investors and investing in Relativity, NATHAN promised to make Investor 1 the company's Chief Operating Officer.

13.    With Relativity's website, virtual office space, corporate entity, and Investor 1 in place, NATHAN proceeded with his scheme to defraud by making, or causing to be made, among other things, (1) false and misleading written and verbal statements on Relativity's website and (2) false and misleading statements in investor emails. NATHAN represented to investors that:

    a.    Relativity had seven worldwide offices, employed 15,456 employees, generated gross revenue of $36.87 billion in the fourth quarter of 2016, and earned a net profit of $29.8 billion in the fourth quarter of 2016; when, in truth, NATHAN knew that Relativity had no offices, no employees, no revenues, and no profits.

    b.    Relativity was initially capitalized by a $10,000,000 investment, $9,500,000 of which NATHAN and Investor 1 invested; when, in truth, NATHAN knew that Relativity was never capitalized as such.

    c.    Money raised from investors would be used to develop prototype spacecraft and to fund research and development of space-related propulsion systems; when, in truth, NATHAN either spent investor funds on his own personal and travel expenses or transferred investor funds to his overseas bank account, his mother, and his then-girlfriend.

    d.    Relativity was involved in developing advanced robotics, interstellar space travel technology, carbon nanotube technology, cloud computing services, combustion-free propulsion systems, and clean energy technology; when, in truth, NATHAN knew that Relativity was not involved in developing any such technologies and in fact did not have any business activities.

    e.    Relativity would merge with BaselineAgent Corporation on November 4, 2016; when, in truth, NATHAN knew that a merger was never going to occur.

    f.    Relativity had completed all of the requirements for listing its shares on the Nasdaq Private Market, those shares would trade on the Nasdaq Private Market, and that investors could trade their Relativity shares on the Nasdaq Private Market; when, in truth, NATHAN knew that Relativity had not taken necessary steps to list its shares on the Nasdaq

INDICTMENT                                            3

1  Private Market, Relativity's shares would never trade on the Nasdaq Private Market, and
2  Relativity's investors would never be able to trade their chares on the Nasdaq Private Market.
3         g.     Relativity shares had value; when, in truth, NATHAN knew that Relativity did
4  not have any business activities, he was using investor funds for his own personal gain, and
5  Relativity's shares were worthless.

<u>Wires in Furtherance of the Scheme to Defraud Relativity's Investors</u>

7      14.    As a result of the scheme to defraud Relativity investors, and after receiving false and
8  misleading statements, misrepresentations, and omissions from NATHAN, persons known to the Grand
9  Jury and referred to herein as Investors 1, 2, 3, 4, 5, and 6 initiated the following electronic funds
10 transfers for the purpose of investing money in Relativity:

| COUNT | DATE | ITEM WIRED | WIRED FROM | WIRED TO |
|---|---|---|---|---|
| 1 | 8/8/2016 | $1,500 | Investor #1's Citibank bank account | Relativity's Bank of America 3293 account |
| 2 | 8/1/2016 | $7,000 | Investor #2's USAA bank account | Relativity's Bank of America 3293 account |
| 3 | 1/25/2017 | $5,000 | Investor #3's Wells Fargo Bank account | Relativity's Bank of America 3293 account |
| 4 | 6/22/2017 | $22,800 | Investor #4's Pinnacle Bank account | Relativity's Bank of America 3293 account |
| 5 | 7/24/2017 | $335 | Investor #5's Navy Federal bank account | Relativity's Bank of America 3293 account |
| 6 | 7/25/2017 | $10,000 | Investor #6's Wells Fargo Bank account | Relativity's Bank of America 3293 account |

18     15.    These transfers used a domestic electronic funds transfer system known as the Fedwire
19 system, which is owned and operated by the United States Federal Reserve System. All Fedwire wire
20 transfers alleged in this Indictment were electronically routed through Fedwire centers in East
21 Rutherford, New Jersey and/or Dallas, Texas and into Relativity's bank account in the Northern District
22 of California. All of the wire transfers alleged in this Indictment traveled between one state and another
23 state.

<u>COUNTS SEVEN AND EIGHT</u>: 18 U.S.C. § 1957 – Money Laundering

25     16.    Paragraphs 1 through 15 are re-alleged and incorporated as if fully set forth herein.
26     17.    On or about the dates set forth below, in the Northern District of California, and
27 elsewhere, the defendant,

                           RAMESH KRIS NATHAN,

INDICTMENT                              4

did knowingly engage in a monetary transaction by, through, and to a financial institution, in and affecting interstate commerce, involving criminally derived property of a value greater than $10,000, said property having in fact been derived from a specified unlawful activity, namely wire fraud, as set forth below:

| COUNT | DATE | AMOUNT | SENT FROM | SENT TO |
|---|---|---|---|---|
| 7 | 6/23/2017 | $22,000 | Relativity's Bank of America 3293 account | Relativity's Bank of America 6208 account |
| 8 | 7/26/2017 | $25,000 | Relativity's Bank of America 3293 account | Relativity's Bank of America 6208 account |

Each in violation of Title 18, United States Code, Section 1957.

COUNT NINE: 18 U.S.C. § 1028A – Aggravated Identity Theft

18. Paragraphs 1 through 15 are re-alleged and incorporated as if fully set forth herein.

19. On or about August 1, 2016, in the Northern District of California, and elsewhere, the defendant,

RAMESH KRIS NATHAN,

did knowingly use, without lawful authority, a means of identification of another person, during and in relation to a felony violation of Title 18, United States Code, Section 1343, specifically, by opening and maintaining the Bank of America 6208 account using the name and personal identification of Investor 1 during and in furtherance of the Relativity scheme to defraud, knowing that the means of identification belonged to another actual person, in violation of Title 18, United States Code, Section 1028A(a)(1).

FORFEITURE ALLEGATION: 18 U.S.C. §§ 981, 982 and 28 U.S.C. § 2461 – Criminal Forfeiture

20. The allegations above are re-alleged and incorporated as if fully set forth herein for the purposes of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981 and 982 and Title 28 United States Code, Section 2461.

21. Upon a conviction of any offense alleged in Counts One through Six, the defendant,

RAMESH KRIS NATHAN,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2), and Title 28, United States Code, Section 2461(c), any property, real or

INDICTMENT 5

personal, which constitutes or is derived from proceeds traceable to the violation, including but not limited to a forfeiture money judgment.

22. Upon a conviction of any offense alleged in Counts Seven and Eight, the defendant,

RAMESH KRIS NATHAN,

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1) and 982(a), and Title 28, United States Code, Section 2461(c), any property, real or personal, which is involved in, constitutes or is derived from proceeds of, or is traceable to the violation, including but not limited to a forfeiture money judgment.

All pursuant to Title 18, United States Code, Sections 981 and 982, Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: 1-17-19

A TRUE BILL.

_____
FOREPERSON
San Francisco

DAVID L. ANDERSON
United States Attorney

_____
DANIEL KALEBA
Deputy Chief, Criminal Division

(Approved as to form: _____ )
CHRISTOPHER VIEIRA
Special Assistant United States Attorney

INDICTMENT                                6



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

# CRIMINAL COVER SHEET

*Instructions:* Effective November 1, 2016, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case.

**CASE NAME:**
USA v. RAMESH KRIS NATHAN

**CASE NUMBER:** CR-19-0034 CR

| | | | |
|---|---|---|---|
| Is This Case Under Seal? | Yes ✓ | No | |
| Total Number of Defendants: | 1 ✓ | 2-7 | 8 or more |
| Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326? | Yes | No ✓ | |
| Venue (Per Crim. L.R. 18-1): | SF ✓ | OAK | SJ |
| Is this a potential high-cost case? | Yes | No ✓ | |
| Is any defendant charged with a death-penalty-eligible crime? | Yes | No ✓ | |
| Is this a RICO Act gang case? | Yes | No ✓ | |

**Assigned AUSA (Lead Attorney):** Christopher Vieira

**Date Submitted:** 1/17/2019

**Comments:**

RESET FORM    SAVE PDF

Form CAND-CRIM-COVER (Rev. 11/16)