JODI LINKER, Bar No. 230273
Federal Public Defender
Northern District of California
GABRIELA BISCHOF, Bar No. 272973
CANDIS MITCHELL, Bar No. 242797
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   (415) 436-7700
Facsimile:    (415) 436-7706
Email:         Gabriela_Bischof@fd.org

Counsel for Defendant Nathan

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAMESH NATHAN,<br><br>　　　　　Defendant. | **Case No.:** CR 19–34 VC<br><br>**OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO ADMIT RELATIVITY EMAILS**<br><br>**Court:**　　　　Courtroom 4, 17th Floor<br>**Hearing Date:**　April 1, 2025<br>**Hearing Time:**　10:00 a.m. |

**INTRODUCTION**

The government moved to admit emails originating from Relativity email accounts and representations made on the Relativity website under two different theories. *See* Dkt. No. 131; (Government's Motion *in Limine* No. 2). The government first argues that the statements on Relativity's website and in Relativity emails were made either by Mr. Nathan himself or by his agents or employees and are therefore admissible against him as non-hearsay under Fed. R. Evid. 801(d)(2)(A) or (D). *Id*. The government's

In the alternative, the government argues that if those statements are hearsay, they should be admitted for a non-hearsay purpose: to demonstrate that the statements were made, so as to establish a foundation for showing, through other admissible evidence, that the statements were false. *See* Dkt 132 at 1-2.

**ARGUMENT**

**I.   The Relativity Emails Are Only Admissible To Establish A Foundation For Later Showing Through Other Admissible Evidence That They Were False**

The government argues that "evidence of misrepresentations about Relativity are independently admissible (with a limiting instruction) for the non-hearsay purpose of proving the misrepresentations were in fact made." Dkt. 132 at 2. Once the statements are admitted for that purpose, the government must show through other admissible evidence that they were made by Mr. Nathan and were false. On this point, the government is correct. Accordingly, Mr. Nathan requests the following limiting instruction:

> "You have heard evidence that emails containing information about Relativity were emailed to Roberto Garcia and investors. The emails are not in and of themselves evidence of who sent them or that the statements within them were false. It is up to you to decide who sent them and whether the statements in them were false based on the totality of the evidence before you."

As set forth below, the emails are not otherwise admissible.

**II.   The Emails Are Not Admissions By A Party Opponent Or An Agent**

   **A.   Admission By A Party Opponent, Rule 801(d)(2)(A)**

Mr. Nathan denies sending the emails or making the representations on Relativity's website, and the government has not set forth sufficient proof to support a jury finding that he made those statements. When a party denies making a statement, the proponent must first present sufficient proof

to support a jury finding that the objecting party made the statement. *United States v. Ordonez*, 737 F.2d 793 (9th Cir. 1983). In *Ordonez*, a cocaine distribution conspiracy, ledgers seized during the execution of a search warrant and testimony interpreting their meaning, were not admissible as admissions of defendants under Rule 801(d)(2)(A) where the government's handwriting experts could not identify the author of the ledgers' entries. 737 F.2d 793 (9th Cir. 1983). In *United States v. Felix-Jerez*, the Ninth Circuit held it was error to let a marshal read notes summarizing questions posed to the defendant and his answers given through an interpreter in part because there was no evidence that the defendant read the summary or signed the summary, so the answers were not admissions. 667 F.2d 1297, 1299–1300 (9th Cir. 1982).

Here, the vast majority of the government's evidence that Mr. Nathan sent the emails comes from Roberto Garcia, the man who solicited all of the investors and accordingly, knows he would be subject to criminal liability were he aware of the fraudulent nature of the scheme. Given the exceptional importance of his testimony and his overwhelming motive to lie, the Court should not premise the admissibility of the emails on the government's proffer alone. Moreover, statements of the victim investors that received the emails are insufficient to establish that Mr. Nathan sent the emails because, as the government concedes, they did not meet with him, videochat with him, and all information about Relativity and investing in it was conveyed by Mr. Garcia.

At a minimum, the Court should hold off on ruling on the government's motion until it has heard the government's evidence that Mr. Nathan wrote the emails and set up the website himself. Without sufficient proof that Mr. Nathan authored the statements in question, they cannot be admitted as the statements of a party opponent.

### B.   Agent Or Employee, Rule 801(d)(2)(D)

The government also argues that the various employees of Relativity who sent emails using the relativityresearch.com domain are agents or employees of Mr. Nathan and were making statements within the scope of their employment, and thus their statements are admissible against him. Dkt. 131 at 6. Whether the speaker is an agent or employee and whether his statement concerns a matter within the scope of his employment or agency are questions of admissibility that Rule 104(a) allocates to the judge, not the jury. *United States v. Flores,* 679 F.2d 173, 178 (9th Cir. 1982).  Moreover,

the proponent of an agent's admission under FRE 801(d)(2)(D) must prove that the speaker was an agent or employee of the opponent by offering evidence *independent* of the statement itself. "The contents of the[hearsay] statements ... are not alone sufficient to establish" that the hearsay declarant was an agent of a party-opponent or that the declaration was within the scope of the agency. *Los Angeles News Serv. v. CBS Broad., Inc.,* 305 F.3d 924, 934 (9th Cir.), *opinion amended on denial of reh'g,* 313 F.3d 1093 (9th Cir. 2002); Fed.R.Evid. 801(d)(2). In the cases cited by the government, the allegedly fraudulent businesses were all solely administrated by an individual defendant, and the primary issue in the case was whether the defendant knew of the fraudulent activities of the business, or whether the statements of his employees in furtherance of the fraud were attributable to him, not whether the employees existed or were agents of the company. *See e.g. United States v. Kirk*, 844 F.2d 660, 663 (9th Cir. 1988); *United States v. Gibson*, 690 F.2d 697, 699 (9th Cir. 1982).

Here, by its own admission, the government has not located or interviewed the employees, has no evidence that they were paid by the company, identified no employment contracts nor any document setting forth the nature of their relationship with the company or the scope of their employment. Without setting forth such a foundation of agency and scope of employment, the emails are not admissible pursuant to Rule 801(d)(2)(D).

### III. Mr. Nathan Should Be Allowed To Admit Emails Pursuant To Rule 106

The government did not cite Rule 106 in their briefing, and with good reason. "If a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part — or any other statement — that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Fed.R.Evid. 106. To the extent the government introduces select emails that distort the true context of an exchange or relationship between sender and receiver, Mr. Nathan is clearly entitled to introduce other emails to clarify the record.

//

//

//

**CONCLUSION**

For the reasons set forth above, the Court should admit the emails and website captures for the limited purpose of establishing that the statements contained within them were made. The Court should instruct the jury using the defense's proposed limiting instruction. Lastly, Mr. Nathan should be allowed to introduce additional emails pursuant to the rule of completeness.

Dated:   March 25, 2025

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

         /S
GABRIELA BISCHOF
CANDIS MITCHELL
Assistant Federal Public Defenders