PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ROLAND CHANG (CABN 271511)
SARA E. HENDERSON (CABN 329977)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7108
    Fax: (415) 436-7027
    Roland.Chang@usdoj.gov
    Sara.Henderson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 19-CR-00034-VC |
| Plaintiff, | **JOINT SUBMISSION OF RESOLVED AND UNRESOLVED EXHIBIT DISPUTES** |
| v. | **Trial Date:** April 14, 2025 |
| RAMESH KRIS NATHAN, | **Judge**: Hon. Vince Chhabria |
| Defendant. | |

      The parties jointly submit the following information regarding specific resolved and unresolved disputes regarding the United States' exhibits.

//

//

//

//

//

//

//

JOINT SUBMISSION RE TRIAL EXHIBITS     1
19-CR-00034-VC

**DISPUTED EXHIBITS**

| Exhibit No. | Defense Objection | Government's Response |
|---|---|---|
| 17 | 801, 403, 402, Confrontation, *see* Dkt. 154 at p5-6 (Relates to investigation of Relativity). Email from Andrea Lamari of Nasdaq Private. "Unfortunately there's nothing Nasdaq can do other than to proceed quickly in taking all necessary action to end their activities and attempts at affiliation with our brand and website…" "[W]e…have compiled a case against Relativity. We have no affiliation or connection to the company." | Relevant and admissible through testimony of Joseph Chamberlain (Count 3 of the Indictment). |
| 39 | 801, 405, 403, 402, Confrontation. Emails between two investors re: whether Garcia was the mastermind or fall guy, only one is testifying. Includes impermissible character evidence from out of court declarant, ex: "Some feel he was in on it from the start, other he was played to make him the fall guy when the cards crumble. I really couldn't see him doing that to all of us, no way .. its not Rob." | Relevant and admissible through testimony of Jordan Freeland (Count 5 of the Indictment). |
| 40 | 801, 403, 402, Confrontation, *see* Dkt. 154 at p5-6 (Relates to investigation of Relativity). Email chain between victim investor Freeland and his nontestifying friend at the FBI, forwarded to other investors with commentary. Friend says things like: "I think finding evidence that these guys violated federal laws is pretty easy and apparent…Also marketing shares for volume for an IPO with false valuations is market manipulation. I don't work these violations. But hope the guys I sent it too will slam dunk it." | Relevant and admissible through testimony of Jordan Freeland (Count 5 of the Indictment). |
| 42 | 801, 403, 402, Confrontation, *see* Dkt. 154 at p5-6 (Relates to investigation of Relativity). Emails between SC AG and investor Freeland. AG says: "Looking at files on Ramesh, he doesn't look like a | Relevant and admissible through testimony of Jordan Freeland (Count 5 of the Indictment).<br><br>In the alternative, the government would seek leave to admit the exhibit if |

| Exhibit No. | Defense Objection | Government's Response |
|---|---|---|
| | wealthy man- multiple failed/abandoned small businesses, and bank records show he spent a lot of investor money on basics- food and lodging. He has/had had ownership in a couple of mid-level houses in the US. Maybe Ramesh is a professional scammer and works to maintain the image of wealth." | defense opens the door by, for example, casting doubt on a victim's testimony by questioning why the victim did not report the scheme earlier. |
| 48 | 801, 403, 402. Uncertified "pro se" filings in Dragicevic v. Nathan/Baseline Agent. | Relevant and admissible through testimony of Hassani Synclair (Count 4 of the Indictment).<br><br>Admissible for effect on the listener and existence of the scheme, and Federal Rules of Evidence 801(d)(2). |
| 55 | 801, 403, 402. Multiple levels of hearsay. | Relevant and admissible through testimony of Jordan Freeland (Count 5 of the Indictment).<br><br>Jordan Freeland will testify he received this email from Robert Garcia, and it is relevant to material false representations and existence of the scheme to defraud. |
| 173 | 801, 403, 402, Confrontation, Inadmissible per MIL Dkt. 158 (Relates to investigation of Relativity). Emails between Chamberlain and SC AG for prosecution. Recounts Chamberlain's experience with Relativity and google search he did on Nathan. For the same reason police reports are not admissible, this is not admissible. Gov't *can* refresh recollection with it, if necessary, but that does not make it admissible. | Relevant and admissible through testimony of Joseph Chamberlain (Count 3 of the Indictment).<br><br>In the alternative, the government may use the document to refresh witness's recollection pursuant to Federal Rule of Evidence 612. |
| 179 | Def. objs set forth in MIL to exclude IP address and geolocation information | Relevant and admissible.<br><br>At the time of this filing, the defense has not filed their motion *in limine* regarding IP address and geolocation information and thus cannot respond. The government would also object that the motions *in limine* filing deadline was March 18, 2025 pursuant to the |

| Exhibit No. | Defense Objection | Government's Response |
|---|---|---|
| | | Stipulated Pretrial Order (Dkt. 119). Thus the filing is untimely. |
| 196, 197 | Def. objs set forth in MIL to exclude IP address and geolocation information | Relevant and admissible.<br><br>At the time of this filing, the defense has not filed their motion *in limine* regarding IP address and geolocation information and thus cannot respond. The government would also object that the motions *in limine* filing deadline was March 18, 2025 pursuant to the Stipulated Pretrial Order (Dkt. 119). Thus the filing is untimely. |
| 199 | 801, 403, 402, Confrontation, Inadmissible per MIL Dkt. 158 (Relates to investigation of Relativity). This is the cover page from Nasdaq Private Market's response to FBI subpoena. | The government will redact references to a grand jury subpoena.<br><br>Relevant and admissible to prove material false representations, existence of the scheme, and intent to defraud. |
| 201 | 801, 403, 402, Confrontation, Inadmissible per MIL Dkt. 158 (Relates to investigation of Relativity). Emails between Gunter and Nasdaq requesting investigation of Relativity. Gunter can testify she reached out to Nasdaq but the emails are testimonial out of court statements the government is seeking to admit for their truth. | Relevant and admissible through testimony of Michelle Gunter (Count 6 of the Indictment). |
| 208 | 801, 403, 402, Confrontation, Inadmissible per MIL Dkt. 158 (Relates to investigation of Relativity). NPM: "We are actively looking into the situation, but unfortunately we believe it is a scam." "I certainly appreciate your offer to share all of the communications, but we have now received several notices this week from others and have compiled a case against Relativity. We have no affiliation or connection to the company." | Relevant and admissible through testimony of Joseph Chamberlain (Count 2 in the Indictment) regarding a specific allegation in the Indictment.<br><br>In the alternative, it is admissible not to prove the truth of the matter asserted, but for the effect on the listener. |
| 277 | 801, 403, 402, Confrontation, Inadmissible per MIL Dkt. 158 (Relates to investigation of Relativity). This is a cease and desist order from Security Commissioner of South Carolina with many "findings of fact." Will confuse | Not offered for the truth of the matter asserted. Admissible for non-hearsay purpose. |

| Exhibit No. | Defense Objection | Government's Response |
|---|---|---|
| | the jury and prejudice Mr. Nathan. Government has not specified what non-hearsay purpose it is admissible for. | |

## RESOLVED EXHBIT DISPUTES

| Exhibit No. | Defense Objection | Government's Response |
|---|---|---|
| 23 | Relates to investigation of Relativity. | Redaction not necessary. FBI investigation is clear – FBI agents will testify in court about this investigation and receiving these emails from investors. |
| 41 | Relates to investigation of Relativity. | Withdrawn per the Court's Order (Dkt. 158). |
| 52 | Relates to investigation of Relativity. | Withdrawn per the Court's Order (Dkt. 158). |
| 53 | Relates to investigation of Relativity. | Redaction not necessary. FBI investigation is clear – FBI agents will testify in court about this investigation and receiving these emails from investors. |
| 54 through 74 | Relates to investigation of Relativity. | Redaction not necessary. FBI investigation is clear – FBI agents will testify in court about this investigation and receiving these emails from investors. |
| 75 | Relates to investigation of Relativity | The government would seek leave to admit the exhibit if defense opens the door by, for example, challenging the authenticity of the following e-mails sent and/or received by Michelle Gunter who represents Count 6 of the Indictment (Exs. 76 to 101). |
| 102 | Exhibits Relating to BaselineAgent Fraud | Withdrawn per the Court's Order (Dkt. 158). |
| 105 | Exhibits Relating to BaselineAgent Fraud | Withdrawn per the Court's Order (Dkt. 158). |
| 106 | Exhibits Relating to BaselineAgent Fraud | Withdrawn per the Court's Order (Dkt. 158). |
| 107 | Exhibits Relating to BaselineAgent Fraud | Admissible per the Court's Order (Dkt. 158). |
| 108 | Exhibits Relating to BaselineAgent Fraud | Admissible per the Court's Order (Dkt. 158). |

| Exhibit No. | Defense Objection | Government's Response |
|---|---|---|
| 109 | Exhibits Relating to BaselineAgent Fraud | Admissible per the Court's Order (Dkt. 158). |
| 110 | Exhibits Relating to BaselineAgent Fraud | Admissible per the Court's Order (Dkt. 158). |
| 111 | Exhibits Relating to BaselineAgent Fraud | Withdrawn per the Court's Order (Dkt. 158). |
| 112 | Exhibits Relating to BaselineAgent Fraud | Withdrawn per the Court's Order (Dkt. 158). |
| 113 | Exhibits Relating to BaselineAgent Fraud | Withdrawn per the Court's Order (Dkt. 158). |
| 114 | Exhibits Relating to BaselineAgent Fraud | Admissible per the Court's Order (Dkt. 158). |
| 115 | Exhibits Relating to BaselineAgent Fraud | Admissible per the Court's Order (Dkt. 158). |
| 116 | Exhibits Relating to BaselineAgent Fraud | Admissible per the Court's Order (Dkt. 158). |
| 117 | Exhibits Relating to BaselineAgent Fraud | Withdrawn per the Court's Order (Dkt. 158). |
| 118 | Exhibits Relating to BaselineAgent Fraud | Withdrawn per the Court's Order (Dkt. 158). |
| 119 | Exhibits Relating to BaselineAgent Fraud | Withdrawn per the Court's Order (Dkt. 158). |
| 120 | Exhibits Relating to BaselineAgent Fraud | Withdrawn per the Court's Order (Dkt. 158). |
| 121 | Relates to investigation of Relativity | The government would seek leave to admit the exhibit if defense opens the door by, for example, casting doubt on a victim's testimony by questioning why the victim did not report the scheme earlier.<br><br>The government would redact any portion of exhibit that may be violative of the Federal Rules of Evidence. |
| 175 | Exhibits Relating to BaselineAgent Fraud | Withdrawn per the Court's Order (Dkt. 158). |
| 194 | Exhibits Predating 2015 | Admissible per the Court's Order (Dkt. 158). |
| 198 | Exhibits Predating 2015 | Admissible per the Court's Order (Dkt. 158). |
| 200 | Relates to Investigations of Relativity | Withdrawn per the Court's Order (Dkt. 158). |
| 202 | Relates to Investigations of Relativity | Withdrawn per the Court's Order (Dkt. 158). |

| Exhibit No. | Defense Objection | Government's Response |
|---|---|---|
| 203 | Relates to Investigations of Relativity | Withdrawn per the Court's Order (Dkt. 158). |
| 204 | Relates to investigation of Relativity | The government will redact above the "Original Message" line. |
| 205 | Relates to Investigations of Relativity | Withdrawn per the Court's Order (Dkt. 158). |
| 206 | Relates to Investigations of Relativity | Withdrawn per the Court's Order (Dkt. 158). |
| 207 | Relates to Investigations of Relativity | Withdrawn per the Court's Order (Dkt. 158). |
| 209 | Relates to Investigations of Relativity | Withdrawn per the Court's Order (Dkt. 158). |
| 251 | Exhibits Predating 2015 | Admissible per the Court's Order (Dkt. 158). |
| 252 | Exhibits Predating 2015 | Admissible per the Court's Order (Dkt. 158). |
| 258 | Exhibits Predating 2015 | Admissible per the Court's Order (Dkt. 158). |
| 259 | Exhibits Predating 2015 | Admissible per the Court's Order (Dkt. 158). |
| 278 | Relates to Investigations of Relativity | The government will redact the top of the first page to remove information regarding the e-mail to Steve Fulmer.<br><br>The remaining emails are relevant and admissible as an opposing party statement to show material false representations, existence of a scheme, and defendant's intent to defraud. |
| 279 | Relates to Investigations of Relativity | Withdrawn per the Court's Order (Dkt. 158). |
| 280 through 291 | Exhibits Relating to BaselineAgent Fraud | The government will redact the top of the first page to remove information regarding the e-mail to Steve Fulmer. |
| 484 | Exhibits Relating to BaselineAgent Fraud | Admissible per the Court's Order (Dkt. 158).<br>The exhibit will be offered through Hariharan Lingham. |
| 485 | Exhibits Relating to BaselineAgent Fraud | Admissible per the Court's Order (Dkt. 158).<br>The exhibit will be offered through Hariharan Lingham. |
| 486 | Exhibits Relating to BaselineAgent Fraud | Admissible per the Court's Order (Dkt. 158). |

| Exhibit No. | Defense Objection | Government's Response |
|---|---|---|
|  |  | The exhibit will be offered through Hariharan Lingham. |
| 487 | Exhibits Relating to BaselineAgent Fraud | Admissible per the Court's Order (Dkt. 158). <br><br> The exhibit will be offered through Hariharan Lingham. |
| 489 | Exhibits Relating to BaselineAgent Fraud | Per the Court's finding on April 1, 2025, the government would seek leave to admit the exhibit if defense opens the door by, for example, casting doubt on a victim's testimony by questioning why the victim did not report the scheme earlier. <br><br> The government would redact any portion of the exhibit that may be violative of the Federal Rules of Evidence. |
| 492 | Exhibits Relating to BaselineAgent Fraud | Withdrawn per the Court's Order (Dkt. 158). |
| 493 | Exhibits Relating to BaselineAgent Fraud | Withdrawn per the Court's Order (Dkt. 158). |
| 494 | Exhibits Relating to BaselineAgent Fraud | Admissible per the Court's Order (Dkt. 158). |
| 495 | Exhibits Relating to BaselineAgent Fraud | Withdrawn. |
| 496 | Exhibits Relating to BaselineAgent Fraud | Per the Court's finding on April 1, 2025, the government would seek leave to admit the exhibit if defense opens the door by, for example, asserting he did not attempt to collect the funds. <br><br> The government would redact any portion of the exhibit that may be violative of the Federal Rules of Evidence. |
| 497 | Exhibits Relating to BaselineAgent Fraud | Per the Court's finding on April 1, 2025, the government would seek leave to admit the exhibit if defense opens the door by, for example, casting doubt on a victim's testimony by asserting he did not attempt to collect the funds. <br><br> The government would redact any portion of the exhibit that may be |

| Exhibit No. | Defense Objection | Government's Response |
|---|---|---|
| | | violative of the Federal Rules of Evidence. |
| 498 | Exhibits Relating to BaselineAgent Fraud | Withdrawn. |
| 499 | Exhibits Relating to BaselineAgent Fraud | The government would seek leave to admit the exhibit if defense opens the door by, for example, casting doubt on a victim's testimony by questioning why the victim did not report the scheme earlier.<br><br>The government would redact any portion of exhibit that may be violative of the Federal Rules of Evidence. |
| 503 | Exhibits Relating to BaselineAgent Fraud | Admissible per the Court's Order (Dkt. 158). |
| 504 | 901, 801, 403, 402.<br>Instagram exhibits, see Dkt. 154 at p. 5. | The government would seek leave to admit the exhibit if defense opens the door by, for example, claiming defendant did not portray himself as a wealthy, successful businessman. |
| 513 | 901, 801, 403, 402.<br>Instagram exhibits, see Dkt. 154 at p. 5. | The government would seek leave to admit the exhibit if defense opens the door by, for example, claiming defendant did not portray himself as a wealthy, successful businessman. |
| 511 | Exhibits Relating to BaselineAgent Fraud | Admissible per the Court's Order (Dkt. 158). |
| 512 | Exhibits Relating to BaselineAgent Fraud | Admissible per the Court's Order (Dkt. 158). |
| 514 | Remove references to documents produced in "native" format | The government will remove the placeholder and any similar placeholders for documents produced in "native" format. |

DATED: April 7, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney


  /s/
ROLAND CHANG
SARA E. HENDERSON
Assistant United States Attorneys

| | | |
|---|---|---|
| 1 | DATED: April 7, 2025 | JODI LINKER<br>Federal Public Defender |
| 2 | | |
| 3 | | */s/ Gabriela Bischof*<br>GABRIELA BISCHOF |
| 4 | | CANDIS MITCHELL<br>Counsel for Ramesh Kris Nathan |

JOINT SUBMISSION RE TRIAL EXHIBITS          10
19-CR-00034-VC