UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>     v.<br><br>RAMESH KRIS NATHAN,<br><br>        Defendant. | Case No. 19-cr-00034-VC-1<br><br>**ORDER RE GOVERNMENT'S PROPOSED 18 USC 2(B) INSTRUCTION**<br><br>Re: Dkt. No. 184 |

       The Court questions whether it would be appropriate to give an "aiding and abetting" instruction.

       As a preliminary matter, the Ninth Circuit's model instruction is poorly worded. By using the phrase "aiding and abetting," the instruction will mislead the typical layperson into thinking that the person committing the act needs to be actually committing a crime, which is inconsistent with the government's theory of the case, inconsistent with section 2(b), and probably inconsistent with the indictment. Moreover, the language of the instruction is difficult to decipher, because it cuts and pastes vague legalese from the case law rather than using words a layperson could reasonably be expected to understand.

       If the Court gave any instruction, it would use the First Circuit's model instruction, which is better-crafted and better captures the concept embodied in 18 U.S.C. § 2(b), as a starting point:

       *If a defendant willfully "causes an act to be done" by another, the defendant is responsible for those acts as though [he/she] personally committed them. To establish that the defendant caused an act to be done, the government must prove beyond a reasonable doubt:*

       *First, that another person committed [insert charged crime] or committed an*

*indispensable element of [insert charged crime]; and*

*Second, that [defendant] willfully caused [these acts/this act], even though [he/she] did not personally commit [these act/this act].*

*[The government need not prove that the person who did commit [insert charged crime/elements of charged crime] did so with criminal intent. That person may be an innocent intermediary.]*

*[Defendant] need not perform the [insert charged crime/elements of charged crime], be present when it is performed, or be aware of the details of its execution to be guilty of causing an act to be done by another. A general suspicion that an unlawful act may occur or that something criminal is happening is not enough.*

*Mere presence at the scene of [insert charged crime] and knowledge that [insert charged crime] is being committed are also not sufficient to establish causing an act to be done through another. But you may consider these among other factors. An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done—that is to say with bad purpose, either to disobey or disregard the law.*

But the First Circuit's model instruction seems unnecessary given the wire fraud instruction—the wire fraud instruction seems to capture what's in the First Circuit's instruction on section 2(b). The First Circuit's section 2(b) instruction might make more sense alongside other crimes, but it seems to make less sense here, given that the wire fraud instruction already provides that a defendant is guilty if he "participated in" or "devised" a scheme, if he "acted with intent to defraud," and if he "used, or caused to be used, an interstate or foreign wire communication to carry out or attempt to carry out an essential part of the scheme."

Furthermore, if a separate instruction on section 2(b) were given in this case, it would need to be modified substantially from the First Circuit's model to fit the government's theory of the case and to avoid what would probably be a constructive amendment of the indictment. The First Circuit's instruction specifies that the government need not prove that the person who committed the acts did so with criminal intent, and specifies that the person can be an "innocent

2

intermediary." That language probably works fine in the typical case where a defendant is alleged to have caused an act to be done by someone else, because in the typical case the government is not arguing (and has not alleged in the indictment) that the intermediary is actually a victim of the crime charged. In this case, because of the indictment, the jury may need to be instructed that the theory could *only* apply if the intermediary was innocent.

All of this seems to suggest that this case is not a good fit for a section 2(b) instruction. It seems likely to confuse the jury, and it would open a can of worms that the government has thus far avoided opening: what should the jury do if Garcia was a willing participant in the scheme with Nathan?

Below is a draft instruction that represents the Court's best effort to come up with something that accounts for all these concerns. If the government, upon meaningful reflection, truly thinks it's a good idea to give a section 2(b) instruction, the matter can be discussed further tomorrow morning.

*If the defendant willfully caused an innocent intermediary to commit an act that constitutes an element of wire fraud, the defendant is responsible for the act as though he personally committed it. To establish that the defendant committed an element of wire fraud in this fashion, the government must prove beyond a reasonable doubt:*

*First, that the intermediary is innocent—that is, he did not intend to commit fraud;*

*Second, that the intermediary committed an act that constitutes an element of wire fraud; and*

*Third, that the defendant willfully caused the intermediary to commit this act.*

**IT IS SO ORDERED.**

Dated: April 22, 2025

_____
VINCE CHHABRIA
United States District Judge