UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>RAMESH KRIS NATHAN, <br><br>　　　　　Defendant. | Case No.  19-cr-00034-VC-1 <br><br> **ORDER DENYING MOTION FOR NEW TRIAL** <br><br> Re: Dkt. No. 224 |

　　　　Nathan's motion for a new trial is denied.

　　　　The evidence at trial showed that the BaselineAgent scheme was "inextricably intertwined" with the Relativity Research scheme and that the evidence was necessary for the government to tell a "coherent and comprehensible story regarding the commission of the crime." *United States v. Loftis*, 843 F.3d 1173, 1178 (9th Cir. 2016). For instance, Relativity Research said in a press release that it was merging with BaselineAgent, and several victim-investors testified that they were aware of that merger. Garcia also testified that Nathan told him BaselineAgent would invest in Relativity Research and that purported investment is one reason Garcia continued to believe in Relativity Research's potential success. And many of the Relativity-related documentary evidence, like Garcia's employment contract and Nathan's emails, used a BaselineAgent letterhead or email signature.

　　　　Even if the schemes were not "inextricably intertwined," the evidence was admissible under Rule 404(b) as evidence of knowledge, plan, identity, and lack of mistake or accident. This wasn't clear pretrial, but it became very clear during trial as Nathan's defense (which was akin to an accident defense in the sense that he attempted to portray himself as an unwitting victim of

2

the Relativity scheme) was presented. Further, the limiting instruction minimized any prejudice and instructed the jury not to consider Lingham's testimony as evidence of a propensity to commit crimes.

Finally, even if the BaselineAgent evidence was admitted erroneously, and the limiting instruction failed to cure that error, a new trial is not in the interest of justice because there was overwhelming evidence at trial that Nathan committed the crimes charged. There is no doubt that the verdict would have been the same without Lingham's testimony.

Nathan's motion for judgment of acquittal under Rule 29 is also denied. When "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002) (internal citation omitted).

**IT IS SO ORDERED.**

Dated: July 10, 2025

_____
VINCE CHHABRIA
United States District Judge